# Exhibit B

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

CAUSE NO. **C-2781-24-L** _____

| | | |
|---|---|---|
| **PSCV INVESTMENTS, LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **VS** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **WESTCHESTER SURPLUS LINES** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant** | § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **PSCV INVESTMENTS, LLC** (herein "Plaintiff"), and files this Original Petition complaining of Defendant, **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** "Insurer," and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. PARTIES

2. **PLAINTIFF, PSCV INVESTMENTS, LLC,** is a domestic limited liability company whose principal office is located in McAllen, Hidalgo County, Texas.

3. **DEFENDANT, WESTCHESTER SURPLUS LINES INSURANCE COMPANY** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested to Mr. Paul Bech, Esq., Associate General Counsel, Chubb, 436 Walnut Street, Philadelphia, PA 19106-3703.

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

## III. VENUE AND JURISDICTION

4. Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Hidalgo County, Texas. TEX.CIV.P.REM. CODE §15.035(b).

## IV. FACTUAL BACKGROUND

5. Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by a windstorm to three buildings located at 1722 W. Mile 3 Rd. Mission, Hidalgo County, Texas. Pursuant to the terms of the policy, numbered FSF14507978 005, Plaintiff had insurance protection on the buildings for any and each such loss resulting from windstorm damage. The buildings and contents insured pursuant to the insurance contract sustained damage as the result of heavy rain and wind, which struck April 21, 2023, during the policy period. The storm damaged the exterior elements of the buildings and created openings in the buildings through which rain entered and caused extensive damage. Shortly after the storm, Plaintiff submitted a claim to the insurer for wind and water damage to the insured premises. Plaintiff made the property available for inspection to insurer's adjuster. Plaintiff fulfilled all of its obligations under the Policy. Insurer, through its adjusters, failed to conduct a reasonable investigation into both the full scope of damage caused by the windstorm and the actual cost to repair the damage. Insurer's estimate of the damage totaled $86,574.34 for the three buildings. Plaintiff provided their contractor's estimate to Defendant reflecting the damage caused by the storm and the cost to make those repairs, which was $369,211.16 replacemennt cost value for the three buildings. Defendant wholly rejected and dismissed the estimates of damage. Instead, Insurer conducted a pretextual and faulty investigation. Westchester Surplus Lines Insurance

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

Company underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

6.　　Westchester Surplus Lines Insurance Company wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that their claimed losses are covered occurrences under the Policy and seeks damages for Insurer's wrongful denial.

7.　　Plaintiff hired the undersigned attorneys to pursue the matter following its insurer's mishandling of the claim. To date, Westchester Surplus Lines Insurance Company has failed and refused to pay Plaintiff for the covered damage to their property, and expenses in having to pursue that which it is entitled under their policy of insurance.

## V. CAUSES OF ACTION

### A.　BREACH OF CONTRACT

8.　　Plaintiff incorporates each of the previous allegations set forth herein.

9.　　Plaintiff purchased an insurance policy to cover the property. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy. As such, the Policy that Plaintiff purchased constituted a contractual agreement. Plaintiff's property is described and listed in the declarations of the above policy. Page 1 of 16 of Coverage Form CP 00 10 10 12 of the Policy states, under "A. Coverage," "We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." Page 3 of 16 of the same coverage form refers to the applicable Causes of Loss Form to identify Covered Causes of Loss. The "Causes of Loss – Special Form," Form CP 10 30 10 12 states, under "Covered Causes of Loss," "When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy." The "Causes of Loss – Basic

3

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

Form," Form CP 10 10 10 12 states, under "Covered Causes of Loss," "When Basic is shown in the Declarations, Covered Causes of Loss means the following: 4. Windstorm or Hail...". The "Commerical Property Declarations" indicates "Basic" for Buildings 1 and 3 and "Special" for Bulding 2. Regardless, there are no exclusions or limitations that exclude wind damage, hail damage, or damge from water that enters through a storm-created opening. Thus, damage from a hail and windstorm such as the storms that occurred on April 21, 2023, was covered under the policy. As stated, after the storm, Plaintiff timely made a claim for damage that had occurred during the storm. Plaintiff made the property available for inspection to insurer's adjuster. Plaintiff fulfilled all of its obligations under the Policy. Insurer failed to conduct a reasonable investigation into both the full scope of damage caused by the wind and heavy rain and the actual cost to repair the damage. Plaintiff provided its contractor's estimate to Defendant reflecting the damage caused by the storm. Defendant wholly rejected and dismissed the estimates of damage. Thus, Plaintiff contends that Defendant failed to comply with the policy and the coverage it promised, which constitutes a breach of the insurance contract.

10. Westchester Surplus Lines Insurance Company failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition. Plaintiff has suffered damages as a result of the breach in the amount of money it requires to repair the damages, along with costs, interest, and attorney's fees, the sum total of which exceeds the minimum jurisdictional limit of this Court.

**B.    TEXAS INSURANCE CODE VIOLATIONS**

11. Plaintiff incorporates each of the previous allegations set forth herein.

12. All notices and proofs of loss were timely given in such manner as to fully comply

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, Insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by Insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

13. In mishandling these claims and failing to provide evidence to support its position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

5

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

542.058(a), by delaying payment of the claim for more than 60 days after receiving all items, statements, and forms reasonably requested and required under Section 542.055

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under the Texas Insurance Code for Insurer's violations. TEX. INS. CODE §§ 541.152, 542.060.

## VI. ACTUAL DAMAGES AND TREBLING OF DAMAGES

14. Plaintiff incorporates each of the previous allegations set forth herein.

15. Westchester Surplus Lines Insurance Company's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount within the jurisdictional limits of this court.

16. These acts and omissions on Insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

17. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered. TEX. INS. CODE § 541.152(b).

## VII. RULE 47(c) STATEMENT

18. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiffs pleads that the relief they seek is monetary in nature and is over $250,000.00 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## VIII. ATTORNEY'S FEES

19. Plaintiff incorporates each of the previous allegations set forth herein.

20. Westchester Surplus Lines Insurance Company's conduct as described in this petition and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retention of the

6

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented its claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## IX. CONDITIONS PRECEDENT

21. All of the conditions precedent to bringing this suit and to Westchester Surplus Lines Insurance Company liability under the Policy for the claims alleged have been performed or have occurred.

## X. JURY DEMAND

22. Plaintiff respectfully request trial of this cause before a Hidalgo County jury.

## XI. RULE 193.7 STATEMENT

23. All documents produced in discovery in the above case will be used and therefore is intended to be self-authenticating, in compliance with Texas Rule of Civil Procedure 193.7.

## XII. PRAYER

**WHEREFORE**, Plaintiff requests that Westchester Surplus Lines Insurance Company be cited to appear and answer, and that on final trial, Plaintiff has the following:

a. Judgment against the insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of Insurer's knowing and intentional conduct, treble damages as allowed by Section 541.152(b) of the Texas Insurance Code;

7

Electronically Filed
6/13/2024 10:06 AM
Hidalgo County District Clerks
Reviewed By: Juan Galvan

C-2781-24-L

c. Prejudgment interest as provided by law;

d. Postjudgment interest as provided by law;

e. Attorney's fees;

f. Costs of suit; and

g. All other relief to which Plaintiff may show itself entitled, either at law or in equity, either general or special, under the facts set forth in their claims.

Respectfully submitted,

**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605

JOHN A. MILLIN IV
john@millinmillin.com
State Bar No. 24005166
*Counsel for Plaintiff*

8